**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                )
                                )
**ROBERT ALDRICH,**             )
                                )
           **Plaintiff,**        )
                                )
           **v.**            )      **Civil Action No. 15-cv-12995-DJC**
                                )
**KELLY RYAN,**              )
                                )
           **Respondent.**    )
_____)

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                      **August 9, 2016**

## I.    Introduction

Petitioner Robert Aldrich ("Aldrich") brings this petition seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 ("the Petition").  D. 1.  Respondent Kelly Ryan ("Ryan"), the Superintendent of MCI-Shirley, moves to dismiss the Petition for failure to exhaust state remedies.  D. 20.  For the reasons stated below, the Court DENIES the motion to dismiss, D. 20.

## II.    Standard of Review

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court must resolve whether the facts alleged "plausibly narrate a claim for relief."  Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citation omitted).  To conduct this inquiry, the Court reads the complaint "as a whole."  García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013) (citation omitted).  Next, the Court must conduct a context-specific inquiry.  Id.  This inquiry has two steps, where the first step requires the Court to perform a close reading of the complaint to distinguish the factual allegations from the conclusory legal allegations contained therein.  Id.  The court must

1

accept factual allegations as true, but does not need to grant conclusory legal conclusions credit. Id.  In the second step, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the conduct alleged."  Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted).  At bottom, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face." García-Catalán, 734 F.3d at 103.

## III.    Procedural History

### A.    Trial

On February 7, 2008, a Middlesex County grand jury indicted Aldrich on the following charges:  (1) attempt to commit a crime; (2) malicious destruction of property over $250; (3) furnishing a false name to a law enforcement officer; (4) two counts of larceny over $250; (5) resisting arrest; (6) unarmed burglary; and (7) possession of burglarious tools.  D. 20-1 at 1-3. On December 15, 2009, a jury in the Middlesex Superior Court convicted Aldrich of attempt to commit a crime, unarmed burglary and two counts of larceny over $250.  Aldrich v. MacEachern, 880 F. Supp. 2d 271, 271 (D. Mass. 2012).  Aldrich was also convicted of being a habitual offender as to unarmed burglary and larceny over $250.  MacEachern, 880 F. Supp. 2d at 272.  On December 17, 2009, the trial court vacated the habitual offender portion of the attempt to commit a crime conviction and sentenced Aldrich to twenty years on the unarmed burglary conviction and five years on the two larceny convictions.  Id.

### B.    Initial Post-Conviction Relief Sought

Aldrich filed a notice of appeal on December 22, 2009, D. 20-1 at 20, which was not docketed due to a delay in preparing trial transcripts, MacEachern, 880 F. Supp. 2d at 272. Aldrich also filed a motion for post-conviction relief and for an evidentiary hearing on February

4, 2010, followed by a series of six motions requesting hearings on the post-conviction relief motion.  D. 20-1 at 20-21.  On May 18, 2010, the trial judge denied the motion for post-conviction relief.  MacEachern, 880 F. Supp. 2d at 272.

### C.   Aldrich's State Habeas Petition

On May 17, 2010, while still awaiting a decision from the trial court on the February 4, 2010 motion, Aldrich filed a petition to the Supreme Judicial Court for a writ of habeas corpus and release from unlawful confinement.  Id.  Aldrich argued that he was entitled to state habeas corpus relief because the "trial court had not yet acted on his motion for post-conviction relief." Id.  On May 18, 2010, the day after Aldrich filed the state habeas petition, the trial judge denied Aldrich's initial motion for post-conviction relief.  D. 20-1 at 21.  On June 14, 2010, a single justice of the Supreme Judicial Court denied Aldrich's state habeas petition as moot because the trial judge had by that point acted upon Aldrich's claims.  MacEachern, 880 F. Supp. 2d at 272. Aldrich appealed the single justice's decision on July 15, 2010 and the Supreme Judicial Court affirmed the single justice's decision on February 22, 2011.  In re Aldrich, 459 Mass. 1001, 1001-1002 (2011).

Aldrich filed a second state habeas petition on June 10, 2013, which a single justice of the Supreme Judicial Court denied on August 6, 2013.  D. 20-7 at 2.  Aldrich appealed and the Supreme Judicial Court affirmed the single justice's decision on June 4, 2014.  Aldrich, petitioner, 468 Mass. 1013 (2014).

### D.   Aldrich's First Federal Habeas Petition

After the Supreme Judicial Court affirmed the single justice's denial of Aldrich's first state habeas corpus petition, Aldrich filed another series of motions in the trial court. MacEachern, 880 F. Supp. 2d at 272-273.  On June 23, 2010, Aldrich filed another "motion for a

new trial with supporting affidavit and exhibits and for reconsideration of his motion for post conviction relief." Id. The trial court denied this motion on August 24, 2010. Id. On September 9, 2010, Aldrich filed a second motion with the trial court for reconsideration of his motion for a new trial; the motion was denied on September 21, 2010. Id. On September 17, 2010, the Supreme Judicial Court allowed Aldrich's motion to file a late notice of direct appeal. Id. On September 28, 2010, Aldrich appealed the trial court's denial of his August 24, 2010 and September 21, 2010 motions.[1] Id. On November 3, 2010, Aldrich filed his third motion for a new trial, which the trial court denied on April 11, 2012. Id.

After filing this set of challenges in state court, Aldrich filed a federal petition for writ of habeas corpus on April 21, 2011. Id. The petition raised the following claims: (1) a police officer's threats violated Aldrich's rights to a full and fair trial and to testify on his own behalf; (2) the trial judge violated Aldrich's rights to due process and equal protection by denying Aldrich's motion for a post-trial evidentiary hearing; (3) the trial judge violated Aldrich's rights by denying a petition to transfer a state habeas corpus petition from Middlesex to Suffolk Superior Court[2]; and (4) the state prosecutor obstructed justice by allegedly preparing and filing a false affidavit on behalf of the police officer who threatened Aldrich. Id. The district court dismissed this first federal habeas petition on August 2, 2012 without prejudice because claims with the same substance as those asserted in the petition were simultaneously pending in state court. See id. at 275-276. The district court explained that Aldrich had failed to exhaust the claims in his federal habeas petition because "the Supreme Judicial Court ha[d] not reached the

[1] On June 2, 2014, Aldrich filed an application for further appellate review arising from this appeal. This FAR application, FAR-22611, was denied on July 14, 2014. Commonwealth v. Aldrich, 469 Mass. 1102 (2014).

[2] This recitation of the procedural history did not specify which rights Aldrich alleged were violated. MacEachern, 880 F. Supp. 2d at 271.

4

merits of Aldrich's habeas corpus petition and ha[d] not inquired into the alleged threats and intimidation by a police officer before the trial which [were] alleged in Aldrich's federal habeas petition." Id. at 276.

### E.    Aldrich's Recent Petitions

#### 1.   *Aldrich's Application for Further Appellate Review, FAR-23767*

On September 17, 2010, a single justice of the Supreme Judicial Court allowed Aldrich to file a notice of late appeal.  D. 20-1 at 23.  On May 10, 2012, appeal No. 2012-P-0787 was docketed in the Massachusetts Appeals Court.  D. 20-4 at 2.  In this appeal, Aldrich asserted that: (1) the two larceny convictions were duplicative; (2) the conviction of attempted larceny was duplicative of one of the larceny convictions; (3) Aldrich's conversation with a cellmate should have been suppressed; (4) the trial judge abused his discretion in denying Aldrich's motion to continue; (5) the evidence was insufficient to prove the "breaking" element of the burglary crime; (6) the trial judge erred in allowing the jury to convict Aldrich of the lesser included offense of "breaking and entering in the daytime with intent to commit a felony;" (7) the trial judge erred in allowing the assistant district attorney to act as an identification witness; (8) the trial judge violated Aldrich's right to confrontation in limiting cross-examination; and (9) the trial judge abused his discretion in denying Aldrich's motion for a new trial without an evidentiary hearing.  See Commonwealth v. Aldrich, 88 Mass. App. Ct. 1102 (2015).

On August 26, 2015, the Massachusetts Appeals Court ruled upon this appeal. Commonwealth v. Aldrich, 88 Mass. App. Ct. 113, 119-120 (2015).  The court vacated Aldrich's conviction for attempted larceny and affirmed his remaining convictions.  Id.  Thereafter, Aldrich filed an application for further appellate review, FAR-23767.  D. 20-8 at 2.  Aldrich raised the following arguments:   (1) the evidence was not "constitutionally sufficient to

establish" that Aldrich broke into the house; (2) Aldrich's convictions for stealing the same money twice violated his due process rights and the prohibition against double jeopardy; (3) the trial judge erred in permitting the assistant district attorney to testify as the sole identification witness at the habitual offender trial; and (4) Aldrich's constitutional right to confront the witnesses against him was violated because the judge sharply limited cross-examination. Commonwealth v. Aldrich, No. FAR-23767, 1, 13 (Mass. filed Sept. 15, 2015). This application is currently stayed. Commonwealth v. Aldrich, No. FAR-23767, D. 11 (Mass. filed Sept. 15, 2015).

2. *Aldrich's Application for Further Appellate Review, FAR-23396*

On July 25, 2012, D. 20-1 at 27, Aldrich filed a motion with the trial court, No. 13-P-1759, to vacate and set aside his burglary conviction, Commonwealth v. Aldrich, 87 Mass. App. Ct. 1119 (2015). Aldrich alleged that his burglary conviction was unlawful because the trial transcript described the jury returning a guilty verdict for "armed burglary" rather than the indicted charge of unarmed burglary. Id. In support of his argument, Aldrich pointed to the original trial transcript which read: "THE CLERK: . . . as to indictment number 2008-164-001, charging the defendant, Robert Aldrich, with armed burglary, what say you Mr. Foreman, is the defendant guilty or not guilty? THE FOREMAN: Guilty." Commonwealth v. Robert Aldrich, No. FAR-23396, 1, 4 (Mass. filed May 28, 2015).

On February 7, 2013, Aldrich filed a motion requesting a hearing on his motion to vacate, D. 20-1 at 27. On April 11, 2013, the Commonwealth filed a motion to correct the record. Id. On May 20, 2013, D. 20-1 at 27, the trial judge held a hearing on the motion, Commonwealth v. Aldrich, 87 Mass. App. Ct. 1119 (2015). At the hearing, the Commonwealth argued that the reference to "armed burglary" in the transcript was merely a typographical error. Id. The

6

Commonwealth presented evidence to support its assertion that the transcript was in error and the jury had in fact returned a verdict for unarmed burglary including: (1) the trial docket; (2) the indictment; (3) the verdict slip; and (4) a cell-phone recording of the original audio recorded at the trial. Id. On May 20, 2013, the trial court allowed the motion to correct the record and denied Aldrich's motion to vacate the burglary conviction. D. 20-1 at 27-28.

On June 11, 2013, Aldrich filed an appeal of the trial court's May 20, 2013 ruling. Id. at 28. On May 8, 2015, the Massachusetts Appeals Court affirmed the trial court's decision to deny Aldrich's motion to vacate his conviction based upon the transcript error. Commonwealth v. Aldrich, No. 2013-P-1759, D. 12 (Mass. App. Ct. filed 2013). On May 28, 2015, Aldrich filed an application for further appellate review, FAR-23396, which raised the following arguments: (1) the trial judge erred in relying upon a cell-phone recording of the original audio recording of the trial to reach the decision to correct the transcript; and (2) the trial court deprived Aldrich of his due process rights under the state and federal constitutions by convicting him of an uncharged crime. Commonwealth v. Aldrich, No. FAR-23396, 1, 8, 13 (Mass. filed May 28, 2015). The Supreme Judicial Court denied this application on June 26, 2015. Commonwealth v. Aldrich, 472 Mass. 1101 (June 26, 2015).

**F. Aldrich's Second Federal Habeas Petition**

Aldrich filed the instant federal habeas petition on July 20, 2015. D. 1. The Petition raises three interrelated claims: (1) Aldrich was convicted of an allegedly uncharged crime; (2) the trial court lacked jurisdiction to transmute a conviction for the allegedly unindicted and uncharged crime of "armed burglary" into a guilty verdict for the indicted offense of unarmed burglary; and (3) Aldrich is entitled to immediate release from unlawful confinement as he was allegedly tried for an uncharged offense and the trial court, therefore, lacked jurisdiction. Id.

7

Ryan has now moved to dismiss the Petition for failure to exhaust state remedies.  D. 20 at 1.

Ryan argues that the claims are unexhausted because Aldrich still has an application for further

appellate review pending before the Supreme Judicial Court.  Id.

## IV.    Discussion

### A.  Standard for Exhausting Claims through State Court Remedies

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), to seek a

federal writ of habeas corpus a state prisoner must have "exhausted his state court remedies with

respect to all claims raised in his application."  Womack v. Saba, No. 11-cv-40138-FDS, 2012

WL 685888, at *2 (D. Mass. Mar. 1, 2012) (citing 28 U.S.C. § 2254(b)(1)).  Petitioners must

provide state courts a "full opportunity" to review claims before the claims can be properly

asserted in a federal habeas petition.  See Nowaczyk v. Warden, New Hampshire State Prison,

299 F.3d 69, 71 (1st Cir. 2002).  Further, the petitioner's state court pleadings can be "unartfully

phrased" and still meet the standards necessary to exhaust his or her claims. [3]  See Anderson v.

Harless, 459 U.S. 4, 12 (1982).

In Massachusetts, exhaustion requires presenting the claims asserted in the federal habeas

petition to the Supreme Judicial Court.  See Powers v. O'Brien, 571 F. Supp. 2d 230, 235 (D.

Mass. 2008).  To qualify as exhausted, the claims the petitioner raises in the federal habeas

petition must have been "fairly presented" to the state court.  Josselyn v. Dennehy, 475 F.3d 1, 3

(1st Cir. 2007) (citation omitted).  Further, the state court must have had an "opportunity to act"

upon the claims before they can be deemed exhausted.  See O'Sullivan v. Boerckel, 526 U.S.

838, 842 (1999) (citation omitted).  Habeas petitions which include unexhausted claims are only

---

[3] The court also notes that a *pro se* petitioner is entitled to have the court read his or her pleadings in a liberal manner.  See Carter  v. Newland, 441 F. Supp. 2d 208, 212-213 (D. Mass. 2006); Haines v. Kerner, 404 U.S. 519, 520 (1972).

considered in the limited circumstances when state corrective processes are absent or would be ineffective in protecting the petitioner's rights. See Rose v. Lundy, 455 U.S. 509, 518 n.9 (1982) (citing 28 U.S.C.A. § 2254).

To qualify as exhausted, the claims asserted in the federal habeas petition must share the same "substance" as the claims asserted in the application for further appellate review. Harless, 459 U.S. at 6. When comparing the substance of the claims asserted in the federal habeas petition to their state counterparts "[t]he proper search is a search for the heart of the matter, not for ritualistic formality." Nadworny v. Fair, 872 F.2d 1093, 1097 (1st Cir. 1989) (citing Daye v. Attorney Gen. of State of N.Y., 696 F.2d 186, 192 (2d Cir. 1982)). Nonetheless, to be exhausted, the claims presented in the federal habeas petition may not "present[] new legal theories or new factual allegations in federal court that transform [the] claim or cast it in a significantly different light." Gagne v. Fair, 835 F.2d 6, 9 (1st Cir. 1987).

In addition, the petitioner must have alerted the state court to the federal nature of the asserted claims. See Daye, 696 F.2d at 192; Harless, 459 U.S. at 6. While it is not required that petitioners cite to federal precedent to satisfy this requirement, Nadworny, 872 F.2d at 1101 n.4, they must have presented more than just the "factual underpinnings" of their claims in the state court proceedings, Adelson v. DiPaola, 131 F.3d 259, 262-63 (1st Cir. 1997) (citation omitted). The federal nature of the claims presented to the state court must have been indicated by: (1) citing to specific constitutional provisions[4]; (2) relying upon federal constitutional precedent; (3) claiming a determinate right that is constitutionally protected; or (4) presenting the substance of

---

[4] A petitioner's reliance upon specific constitutional provisions need only "alert a reasonable jurist to the existence of a federal constitutional claim." Sullivan v. Saba, 840 F. Supp. 2d 429, 436 (D. Mass. 2012) (citation omitted).

the claim "in such a manner that it must have been likely to alert the court to the claim's federal

nature."  Nadworny, 872 F.2d at 1097 (citation omitted).

Only claims that satisfy both these requirements are properly before the district court and

within the court's jurisdiction under the AEDPA.  See Nowaczyk, 299 F.3d at 72-73.  The Court,

therefore, must compare the claims in the state proceedings to the claims in Aldrich's Petition to

confirm that Aldrich seeks relief only upon exhausted claims.

**B.  Aldrich's Claims in the Petition Are Exhausted**

1. *First Ground:  Conviction for Uncharged Crime*

As his first asserted ground for relief, Aldrich claims he was convicted of an uncharged

crime.  D. 1 at 5.  In the Petition, Aldrich describes his application for further appellate review

FAR-23396, which was denied on June 26, 2015, as having exhausted the available state

remedies as to this claim.  Id. at 7.  In the Petition, Aldrich contends that he was indicted for

unarmed burglary and related property crimes, but that the jury returned a guilty verdict for

"armed burglary."  Id. at 5.  Aldrich also argues that the trial court erred by relying at least in

part upon a cell-phone recording of a recording of the original trial in granting the

Commonwealth's motion to correct the record.  Id.

Aldrich has exhausted this ground for relief.  In FAR-23396, Aldrich argued to the

Supreme Judicial Court that the official record, as reflected in the transcript, documented his

conviction for the uncharged offense of "armed burglary."  Commonwealth v. Robert Aldrich,

No. FAR-23396, 1, 8 (Mass. filed May 28, 2015).  Additionally, in FAR-23396, Aldrich argued

that the Commonwealth's failure to obtain an affidavit from the court reporter confirming or

denying that she made a typographical error on the transcript and instead relying upon a cell-

phone recording of a recording of the proceeding was an error by the trial judge.

Commonwealth v. Robert Aldrich, No. FAR-23396, 1, 12-13 (Mass. filed May 28, 2015).  The claims in the Petition, therefore, share the same substance as the exhausted claims in FAR-23396.  See e.g. Holland v. Horn, 150 F. Supp. 2d 706, 730 (E.D. Pa. 2001), aff'd, 519 F.3d 107 (3d Cir. 2008) (concluding that the claims in a federal habeas petition were exhausted where the same claims and "sub-claims" had been presented in previous state court proceedings).

Aldrich also fairly presented the federal nature of this claim to the Supreme Judicial Court by asserting a violation of his determinate right of due process.  Hobson v. Corsini, 133 F. Supp. 3d 297, 304 (D. Mass. 2015) (determining that the petitioner's claims were exhausted where they, inter alia, "adequately raised federal constitutional claims" in substance despite the petitioner's failure to "expressly invoke the United States Constitution").  In FAR-23396, Aldrich argued that when the jury rendered a guilty verdict on the uncharged offense of "armed" burglary, he was deprived of his due process rights under the United States Constitution. Commonwealth v. Robert Aldrich, No. FAR-23396, 1, 13 (Mass. filed May 28, 2015).  Because Aldrich provided the Supreme Judicial Court an "initial opportunity to pass upon and correct alleged violations of [Aldrich's] federal rights" and the Supreme Judicial Court denied relief, this claim is fully exhausted.  Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (citation omitted).

2.  *Second Ground:  Trial Court Lacked Jurisdiction*

As his second ground for relief, Aldrich claims that the trial court "lacked jurisdiction to transmute a conviction for an unindicted and uncharged crime of 'armed burglary,' into a guilty verdict for a lesser offense of unarmed burglary of which the court had jurisdiction over."  D. 1 at 7.  Aldrich has also exhausted this second ground for relief.

In his application for further appellate review, FAR-23396, Aldrich raised a claim with the same substance.  In FAR-23396, Aldrich asserted that his conviction should be vacated upon

jurisdictional grounds as an alternative to his argument that the conviction was a violation of his due process rights.  See Commonwealth v. Aldrich, No. FAR-23396, 1, 14-15 (Mass. filed May 28, 2015).  In FAR-23396, Aldrich argued that "[w]here a defendant has been convicted of an uncharged offense, the judgment must be vacated as a due process violation … [but there are] complementary rationales for vacating a judgment rendered on an uncharged offense."  See Commonwealth v. Aldrich, No. FAR-23396, 1, 14 (Mass. filed May 28, 2015) (citing Commonwealth v. Barbosa, 421 Mass. 547, 554 (1995)).  Aldrich argued that "[t]he defendant's conviction of an offense not alleged in the complaint cannot stand . . . [and] [t]he point is probably jurisdictional."  Commonwealth v. Aldrich, No. FAR-23396, 1, 14-15 (quoting Commonwealth v. Farrell, 31 Mass. App. Ct. 267, 268 (1991) (citation omitted)).

Because the claim Aldrich asserted before the Supreme Judicial Court and the claim he now asserts both charged that the court lacked jurisdiction on the unarmed burglary charge, they are substantially the same claim.  See, e.g., Silva v. Roden, No. 11-cv-10944-JGD, 2013 WL 3282906, at *4 (D. Mass. June 26, 2013) (concluding that claims in a habeas petition asserting violations of the confrontation clause based upon inability to cross-examine a police officer were similar enough to the confrontation clause arguments in the application for further appellate review to be deemed exhausted).  Moreover, given that Aldrich linked his jurisdictional argument to his due process claim, the Supreme Judicial Court was alerted to the federal nature of Aldrich's claims.  As the Supreme Judicial Court denied Aldrich relief on this claim, the claim is fully exhausted.

### 3.  *Third Ground:  Entitlement to Immediate Release from Unlawful Confinement*

Aldrich's final ground for federal habeas relief functions largely as a reiteration of his previous grounds.  D. 1 at 8.  In ground three, Aldrich requests relief for unlawful confinement.

Id.  Aldrich argues that he is entitled to immediate release from unlawful confinement because he was not indicted or tried on the uncharged offense of "armed burglary" and the trial court lacked jurisdiction over his conviction for this crime.  Commonwealth v. Aldrich, No. FAR-23396, 1, 14-15 (Mass. filed May 28, 2015).  Aldrich has also exhausted this third asserted ground for relief.

In FAR-23396, Aldrich raised a claim with the same substance as this claim in the Petition.  In FAR-23396, Aldrich claimed that the grand jury indicted him on a charge of unarmed burglary, but that according to the original trial transcript he was convicted of the unindicted crime of "armed burglary."  Id.  Aldrich's claims in FAR-23396 and the Petition share the same substance:  the disputed typographical error and the trial court's resolution of the Commonwealth's motion to correct the record.

Because Aldrich cited to the Fifth Amendment of the United States Constitution in his application for further appellate review to support his argument that the conviction for armed burglary "deprived [him] of his due process rights," Commonwealth v. Aldrich, No. FAR-23396, 1, 14-15 (Mass. filed May 28, 2015), the state court was alerted to the federal nature of his claim.  Thus, the claim is fully exhausted.

In the end, Aldrich presented the Supreme Judicial Court with each of the claims asserted in the Petition pending before this Court and the Supreme Judicial Court denied relief on all grounds.  Accordingly, the three grounds for relief Aldrich asserts in the Petition are exhausted and properly before this Court.

## C.  Aldrich's Claims in FAR-23767 Are Not Asserted in this Habeas Petition

Ryan also contends that Aldrich's Petition should be dismissed because an appeal of Aldrich's conviction is currently pending before the Supreme Judicial Court.  D. 21 at 1.  Ryan

points to FAR-23767, Aldrich's application for further appellate review filed on September 15, 2015, which remains stayed before the Supreme Judicial Court.  D. 20-8 at 1.  Ryan claims that the pendency of FAR-23767 renders the claims in Aldrich's Petition unexhausted and therefore the Petition must be dismissed.  D. 20 at 1, 3.

>    *1.    The Applicable Standard Where There Are Distinct Claims Pending in State Court*

Where a petitioner has claims pending in state court when he files a federal habeas petition, the Court must assess whether the grounds asserted within "the four corners of the petition" state a claim upon which habeas relief may be granted.  See Dionne v. Suffolk County Sheriff Dept., No. 12-cv-11319-DJC, 2012 WL 3492018, at *2 (D. Mass. Aug. 14, 2012); L'Heureux v. Pine, No. 97-cv-166T-JH, 1998 WL 61855, at *2 (D.R.I. Jan. 26, 1998) (explaining that the petitioner must have exhausted state court remedies "with regard to all issues presented in his application").

Unexhausted state court claims that are not asserted in the federal habeas petition will not prevent the district court from adjudicating a petition that otherwise contains only exhausted claims.  See Nowaczyk, 299 F.3d at 80-82.  Even where the parallel state court proceedings challenge the same underlying conviction as the concurrent federal habeas proceedings, the mere existence of those unexhausted state claims does not strip the district court of jurisdiction.  See Grass v. Reitz, 643 F.3d 579, 585 (8th Cir. 2011).  Instead, "something more than related claims pending in state court is needed before the court may dismiss a fully-exhausted petition outright."  Nowaczyk, 299 F.3d at 83.  In interpreting the boundaries of the jurisdiction granted by the AEDPA, courts have repeatedly rejected the thrust of Ryan's argument – that is, "the broad rule that a state prisoner cannot adjudicate his fully-exhausted claims under § 2254 when other claims have not yet been decided by the state courts."  Id. at 77 (citing Pringle v. Court of

Common Pleas, 744 F.2d 297, 300 (3d Cir. 1984) and Williams v. Maggio, 727 F.2d 1387, 1389 (5th Cir. 1984)).

Instead, federal habeas petitions are "governed by the norm that a district court must exercise its full statutory jurisdiction." Post v. Gilmore, 111 F.3d 556, 557 (7th Cir. 1997) (citation omitted). The Court's "affirmative obligation" to adjudicate claims properly before it extends to habeas petitions that contain fully-exhausted claims. Nowaczyk, 299 F.3d at 82. It would violate this established practice for a court to "dismiss[] a petition that is properly before it and within its jurisdiction under AEDPA." See id. at 81.

> 2. *Aldrich's Distinct State Claims*

Aldrich's pending claims in FAR-23767 do not bar the Court from adjudicating the Petition. The grounds for relief asserted in FAR-23767 are distinct grounds from those Aldrich raises in the Petition. Compare Commonwealth v. Aldrich, No. FAR-23767, 1 (Mass. filed Sept. 15, 2015) with D.1. Each of the claims in the Petition arises from the alleged typographical error in the original transcript and the trial court's allowance of the Commonwealth's motion to correct the record to reflect a jury verdict for unarmed burglary. D. 1. In contrast, FAR-23767 asserts claims concerning alleged errors during the original trial: (1) the insufficiency of evidence convicting Aldrich of breaking into a home; (2) the alleged error of convicting Aldrich for stealing "the same money twice;" (3) the trial judge's decision to allow the assistant district attorney to testify; and (4) the trial judge's decision to limit cross-examination. Commonwealth v. Aldrich, No. FAR-23767, 1, 13 (Mass. filed Sept. 15, 2015). Thus, of the four claims raised in FAR-23767, none are asserted in the Petition.[5] Id.

---

[5] Although the Court need not look past the petition for further appellate review, none of the nine claims raised in Commonwealth v. Aldrich No. 12-P-0787, the appellate case from which FAR-23767 arises, are asserted in the Petition. Commonwealth v. Aldrich, 88 Mass. App. Ct. 1102,

Nowaczyk is instructive.  In Nowaczyk, the district court refused to review a habeas petition challenging a state court conviction for, *inter alia*, arson even after determining that the petition contained only exhausted claims.  Nowaczyk, 299 F.3d at 72-73.  The district court dismissed the petition because the petitioner had a claim – which was not asserted in the habeas petition – pending in state court.  Id. at 73.  Upon appeal, the First Circuit reversed, endorsing the petitioner's argument that "the rule of total exhaustion is not based on avoiding parallel state-federal proceedings."  Id. at 75.  Instead, exhaustion protects the principle that "federal courts should not grant relief on claims that have not yet been presented to the state courts."  Id. Moreover, the First Circuit explained that since a petitioner with a mixed petition – one that contains both unexhausted and exhausted claims – is permitted to amend his petition to remove the unexhausted claims to receive prompt federal review, it would be inconsistent to require courts to dismiss a petition with only fully exhausted claims on account of separate claims that were not asserted in the petition but remain pending in state court.  Id. at 75-76 (citing Rose v. Lundy, 455 U.S. 509, 510 (1982)).  Concluding that the lower court's dismissal of the petition containing only fully exhausted claims constituted an abuse of discretion, the First Circuit remanded the case for a decision upon the merits of the claims presented in the petition. Nowaczyk, 299 F.3d at 83.  Like the petition in Nowaczyk, Aldrich's Petition asserts only

---

1102 (2015).  The claims alleged within 12-P-0787 are:  (1) the duplicative nature of Aldrich's convictions (2) the trial judge's abuse of discretion in denying a motion to continue and a motion for a new trial (3) the lack of evidence in the trial and (4) errors alleged against the trial judge related to allowing certain witnesses to testify, failing to suppress evidence, limiting cross-examination and committing errors in the jury instructions.  Id.  These claims are distinct from the claims asserted within the Petition.  Therefore, the substantively distinct challenges pending in FAR-23767 do not bar the Court from adjudicating this Petition because all of the grounds for relief that the Petition asserts before this Court were fully exhausted in FAR-23396.  See e.g., Hurd v. Mondragon, 851 F.2d 324, 328 (10th Cir. 1988) (concluding that the petition before the court which asserted Fourth Amendment violations was fully exhausted even though the petitioner had an ineffective assistance of counsel claim that he planned to assert in state court).

exhausted claims.   The mere existence of distinct claims that are still pending in state court, therefore, is not sufficient cause for dismissal of Aldrich's Petition.

Ryan's remaining arguments are similarly unconvincing.   First, contrary to Ryan's suggestion, D. 21 at 5-6, the fact that Aldrich mentioned FAR-23767 and his state habeas action when responding to questions in the Petition – which seeks to collect an exhaustive list of challenges Aldrich has ever raised to his conviction – does not alter the Court's conclusion. Because Aldrich does not assert the claims in FAR-23767 as the basis upon which he currently seeks relief before this Court and because FAR-23767 involves distinct claims from those asserted in the Petition before this Court, the mention of that state action does not bar this Court from hearing Aldrich's claims.   Second, Ryan's argument analogizing Aldrich's first federal habeas petition to the instant Petition is unconvincing.   D. 21 at 5-6.   Aldrich's first federal habeas petition was dismissed because the claims in the petition were the same as the claims that were asserted in a pending state court action.   MacEachern, 880 F Supp. 2d at 276.   By contrast, the Petition before this Court contains no claims that have not been ruled upon by the Supreme Judicial Court.   At bottom, because FAR-23396 exhausted the claims within Aldrich's Petition, Ryan is not entitled to dismissal.

## V.   Neither Party Has Sought to Stay this Matter

Once the court determines that a petition contains only exhausted claims, "[n]othing prevent[s] the district court from adjudicating those claims immediately."   Nowaczyk, 299 F.3d at 80.   A petitioner who asserts only exhausted claims is entitled to proceed with the adjudication of his exhausted claims.   Id.   Nonetheless, where the claims within a federal habeas petition are exhausted while pending claims remain in state court, the district court retains the discretion to stay the proceedings until those claims that remain pending in state court are resolved.   See id. at

77-78 (citing <u>Thompson v. Wainwright</u>, 714 F.2d 1495, 1500 (11th Cir. 1983)).  Since neither Aldrich nor Ryan have requested a stay at this juncture, the Court has not addressed this issue, but confined its analysis to Ryan's pending motion to dismiss.

**VI.**     **Conclusion**

For the foregoing reasons, the Court DENIES Ryan's motion to dismiss, D. 20.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge
