UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                          | )                          |
|--------------------------|----------------------------|
| **ROBERT ALDRICH,**      | )                          |
| Petitioner,              | )                          |
| v.                       | ) Civil No.: 15-cv-12995-DJC |
| **PAMELA MACEACHERN,**   | )                          |
| Respondent.              | )                          |

## MEMORANDUM AND ORDER

**CASPER, J.**                                          January 23, 2018

### I. Introduction

Petitioner Robert Aldrich ("Aldrich"), acting *pro se*, has filed a petition seeking a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. D. 1. Respondent Pamela MacEachern ("MacEachern"), the Superintendent of the Pondville Correctional Center, opposes the Petition on the bases that Aldrich's grounds for habeas relief either have been waived or fail on the merits. D. 77 at 11.[1] For the reasons stated below, the Court DENIES the Petition, D. 1.

### II. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may grant a writ of habeas corpus if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

---

[1] The Court allowed Aldrich's motion to substitute the name of the respondent with the acting superintendent MacEachern. D. 98.

1

determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, ___ U.S. ___, 134 S. Ct. 10, 16 (2013). Federal courts are thus highly deferential to state courts when reviewing claims of legal error. See id. at 15.

A state court decision is "contrary to" clearly established federal law "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases,' or 'confronts a set of facts that are materially indistinguishable from'" a Supreme Court precedent and arrives at an opposite conclusion. Penry v. Johnson, 532 U.S. 782, 792 (2001) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). A state court decision is an "unreasonable application" of clearly established federal law "if it correctly identifies the governing legal rule but applies that rule unreasonably to the facts of a particular prisoner's case." White v. Woodall, __ U.S.__, 134 S. Ct. 1697, 1706 (2014). In sum, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

### III. Factual and Procedural Background

#### A. Trial

The following facts are primarily drawn from the Middlesex Superior Court's denial of Aldrich's motion for post-conviction relief and motion for an evidentiary hearing, S.A. at 130-40,[2] which were included in Defendant's supplemental answer, D. 58. A burglary occurred in Cambridge on January 6, 2008. S.A. at 131. The homeowner noticed the intrusion, called 911

---

[2] The Court refers to the contents of the manual filing of Defendant's supplemental answer as "S.A."

2

and the police arrived and apprehended Aldrich. Id. The officers searched Aldrich and found the homeowner's property and a screwdriver. S.A. at 131-32.

Aldrich was indicted for eight charges on February 7, 2008 including unarmed burglary, but not armed burglary. S.A. at 1-2. Aldrich acted *pro se*, as he had before, and was appointed standby counsel. S.A. at 132. On December 15, 2009, following a jury trial, the Clerk asked the jury foreman if the jury had reached a verdict:

> Clerk: Mr. Foreman, as to Indictment number 2008-164-001, charging the defendant, Robert Aldrich, with armed burglary, what say you, Mr. Foreman; is the defendant guilty or not guilty?
> Foreman: Guilty.
> Clerk: Guilty as to what, sir?
> Foreman: Guilty as charged.

S.A. at 144. Aldrich did not object. See S.A. at 144-46. On the same day, the jury also returned a verdict slip as to the unarmed burglary charge, signed by the jury foreperson, in which "Guilty – offense as charged" is selected. S.A. at 163. The court sentenced Aldrich to twenty years in state prison on that charge. S.A. at 149. Aldrich was also convicted of three other charges, including two counts of larceny over $250 and attempt to commit a crime. S.A. at 144-46.

On December 3, 2012, Aldrich filed a "motion to vacate and set aside unlawful armed burglary conviction and sentence." S.A. at 26, 166. In response, on April 11, 2013, the Commonwealth moved to correct the record and change the transcription of the Clerk's question from armed burglary to unarmed burglary. S.A. at 27, 167. On the same day, the Commonwealth filed an opposition to Aldrich's motion to vacate. S.A. at 27. After a hearing on May 20, 2013, the trial court granted the Commonwealth's motion to correct the record and denied Aldrich's motion to vacate. S.A. at 234. The trial judge explained that he "recalled what happened" and now "confirms" that the jury was given "the indictment as charged for unarmed burglary," the docket sheet said unarmed burglary, the signed verdict slip was for unarmed burglary, the judge

3

understood the charge to be unarmed burglary throughout the trial and he sentenced Aldrich accordingly.  S.A. at 226, 230-31.  Thus, the trial court concluded that the transcription error was a "simple mistake" that was now cured.  S.A. at 227.

### B. Aldrich's State Claims for Post-Conviction Relief

Aldrich filed a motion for post-conviction relief and a request for an evidentiary hearing on February 4, 2010, which was denied on May 18, 2010.  S.A. at 20-21.  Aldrich filed three more motions for a new trial and/or reconsideration of his motion for post-conviction relief that were all denied.  S.A. at 21-23.  Aldrich filed a late notice of direct appeal that was allowed on September 17, 2010.  S.A. at 22.

On June 11, 2013, Aldrich appealed the trial court's decision to correct the record.  See S.A. at 27, 46-77, 168.  On May 8, 2015, the Massachusetts Appeals Court affirmed the trial court's decision, explaining that a trial judge's decision to correct the record "is essentially conclusive."  S.A. at 213; Commonwealth v. Aldrich, No. 13-P-1759, 2015 WL 2144030, at *1 (Mass. App. Ct. May 8, 2015) (quoting Commonwealth v. Robles, 423 Mass. 62, 73 (1996)).  The Appeals Court held that "[t]he docket, indictment, and verdict slip, coupled with the clerk's practice and the judge's recollection of the trial proceedings, formed a proper and sufficient basis for the [trial] judge's findings."  S.A. at 213; Aldrich, 2015 WL 2144030, at *2.  On May 28, 2015, Aldrich filed an application for further appellate review on the grounds that he was convicted of an uncharged offense, which violated his Fifth and Fourteenth Amendment rights, [3] S.A. at 191-211, which was denied.  S.A. at 217; Commonwealth v. Aldrich, 472 Mass. 1101, 1101 (2015). On August 26, 2015, the Appeals Court acted on Aldrich's direct appeal and vacated his attempted

---

[3] Additionally, Aldrich asserted that the trial judge erred by relying, in part, on a cell phone recording of the proceedings as evidence for correcting the record.  S.A. at 203.

4

larceny conviction. S.A. at 40; Commonwealth v. Aldrich (No. 1), 88 Mass. App. Ct. 113, 119-20 (2015). On the same day, the Appeals Court issued another, unpublished opinion, addressing and rejecting Aldrich's other arguments.[4]

C. **Aldrich's State Petitions for Habeas Relief**

Aldrich petitioned the Supreme Judicial Court for habeas relief on May 8, 2010, arguing that a habeas petition was necessary because his motion for post-conviction relief was still pending.[5] Aldrich v. MacEachern, 880 F. Supp. 2d 271 (D. Mass. 2012), ECF No. 1-11. On May 18, 2010, the trial court denied his post-conviction motion, S.A. at 21, which led a single justice of the Supreme Judicial Court to deny his habeas petition as moot on June 14, 2010. Aldrich, 880 F. Supp. 2d 271, ECF No. 1-10. Aldrich appealed and the Supreme Judicial Court affirmed the denial. In re Aldrich, 459 Mass. 1001, 1001 (2011).

Aldrich served his second petition for habeas relief on June 3, 2013. D. 1-2 at 38-43. He alleged, among other things, that he was being held unlawfully because he was convicted of a

---

[4] The nine grounds Aldrich asserted were: (1) "the larceny convictions were duplicative"; (2) the "conviction of attempted larceny is duplicative of one of the larceny convictions"; (3) "the cellmate that [Aldrich] spoke to about the foreign currency hidden in their shared jail cell was a government agent, and that the money found as a result of this conversation should have been suppressed"; (4) "the trial judge [abused] his discretion in denying [Aldrich's] motion to continue, filed on the eve of trial"; (5) the evidence was not sufficient to show the element of breaking; (6) "the trial judge erred in instructing the jury that they could convict [Aldrich] of a lesser included offense of breaking and entering in the daytime with intent to commit a felony"; (7) "the trial judge should not have permitted an assistant district attorney employed in the same office as the trial prosecutor to act as an identification witness in the habitual offender proceeding"; (8) "[Aldrich's] confrontation rights were violated when the trial judge limited his cross-examination of the testifying prosecutor as to bias" in that proceeding; and (9) "the trial judge abused his discretion in denying [Aldrich]'s motion for new trial without an evidentiary hearing." Commonwealth v. Aldrich (No. 2), No. 12-P-787, 2015 WL 5023263, at *1-2 (Mass. App. Ct. Aug. 26, 2015).

[5] Aldrich also asserted that a police officer threatened him the day before the trial began, which "interfer[ed] with [Aldrich's] constitutional rights to free and unencumbered access to the court, to present his defense, and to testify on his own behalf at trial." Aldrich, 880 F. Supp. 2d 271, ECF No. 1-11 at 3.

5

crime for which he was not indicted or tried. D. 1-2 at 38-39. The petition was denied on August 6, 2013. D. 1-2 at 37. Aldrich appealed and the Supreme Judicial Court affirmed the denial on June 4, 2014. In re Aldrich, 468 Mass. 1013, 1013 (2014).

### D. Aldrich's First Federal Habeas Petition Dismissed Without Prejudice

Aldrich filed his first federal petition for habeas relief on April 21, 2011. Aldrich, 880 F. Supp. 2d 271, ECF No. 1. Aldrich raised four claims that were all denied because he had not exhausted his state court remedies. Aldrich, 880 F. Supp. 2d at 276. Aldrich's direct appeal and his appeal of two denied motions for a new trial were pending when Aldrich filed his petition. Id. at 275. Due to those pending motions, this Court dismissed Aldrich's petition without prejudice. Id. at 276.

### E. This Petition

Aldrich has now filed this Petition. D. 1. The Petition is based on three grounds: (1) he was convicted of an uncharged crime, as he was indicted for unarmed burglary and the "jury returned a guilty verdict for 'armed burglary'"; (2) "the trial court lacked jurisdiction to transmute a conviction for an unindicted and uncharged crime of '[a]rmed [b]urglary,' into a guilty verdict for a lesser offense of unarmed burglary of which the court had jurisdiction over"; and (3) due to grounds one and two, he is entitled to immediate release. D. 1 at 5, 7-8. The respondent moved to dismiss the Petition arguing that Aldrich failed to fully exhaust his state court remedies. D. 20. This Court denied the motion to dismiss and concluded that all three claims for relief had been exhausted in state court and thus were properly before the Court. D. 38. The Court now addresses the merits of the Petition.

## IV. Discussion

### A. Aldrich's Petition is Barred on Procedural Grounds

The Petition fails because Aldrich failed to comply with a state procedural requirement. "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred . . . ." Coleman v. Thompson, 501 U.S. 722, 750 (1991). If the state procedural rule is not consistently enforced, however, then it does not bar habeas review. Gunter v. Maloney, 291 F.3d 74, 79 (1st Cir. 2002).

The Massachusetts contemporaneous objection rule, which requires a party to make their objection known at the time of the ruling, Mass. R. Crim. P. 22, is an independent and adequate state procedural rule barring federal habeas review. See Janosky v. St. Amand, 594 F.3d 39, 44 (1st Cir. 2010). "The SJC regularly enforces the rule that a claim not raised is waived." Gunter, 291 F.3d at 79; see Janosky, 594 F.3d at 44 (stating that "[w]e have held, with a regularity bordering on the monotonous, that the Massachusetts requirement for contemporaneous objections is . . . firmly established in the state's jurisprudence and regularly followed in its courts"). All of Aldrich's claims in the Petition relate to the Clerk's incorrect recitation of the indictment to the jury as armed burglary. S.A. at 144. The record below reflects, however, that Aldrich did not contemporaneously object to the Clerk's error.[6] S.A. at 144-46. As a result, he did not preserve this claim for a habeas petition. See, e.g., Horton v. Allen, 370 F.3d 75, 80-83 (1st Cir. 2004) (concluding that because "[d]efense counsel did not object to conducting the individual voir dire in the anteroom" the claim was not preserved for a habeas petition); see Rodriguez v. Russo, 495 F. Supp. 2d 158, 169-70 (D. Mass. 2007) (concluding that the alleged grounds for habeas relief were not properly preserved because petitioner failed to contemporaneously object).

---

[6] Aldrich raised the issue and objected to the Clerk's error in his post-trial motion to vacate. S.A. at 141.

7

A procedural default may be excused, however, if the "petitioner can demonstrate cause for the default and actual prejudice." Janosky, 594 F.3d at 44. "The general requirement for cause for a procedural default is that the prisoner must show 'that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" Gunter, 291 F.3d at 81 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). A petitioner can also excuse the default if he can show there was a "fundamental miscarriage of justice." Id. Aldrich has not mentioned these exceptions or argued that they apply here.

Even so, the Court does not find that either exception is applicable. An external factor that constitutes an impediment to counsel can be "a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that 'some interference by officials' made compliance impracticable." Murray, 477 U.S. at 488 (quoting Brown v. Allen, 344 U.S. 443, 486 (1953)) (internal citations omitted). Acting *pro se* is not an external factor that qualifies as cause for a procedural default. See, e.g., Forte v. Medeiros, 239 F. Supp. 3d 310, 322 (D. Mass. 2017) (concluding there was no cause for petitioner's failure to object even though he was acting *pro se*). Here, moreover, the Superior Court observed Aldrich was "unusually knowledgeable, and show[ed] significant understanding of the legal process." S.A. at 132. According to the court, during the trial, Aldrich "vigorously raised and challenged many legal issues," objected to other issues and proclaimed that he had twenty-seven years of experience as a *pro se* litigator. S.A. at 132-33. Throughout the case, Aldrich had the assistance of a criminal defense attorney as standby counsel, and the court "engaged in a full colloquy" and explained Aldrich's rights to him. Id. Thus, there is no basis for the suggestion that his *pro se* status qualifies as cause and nothing in the record indicates that any other "objective factor external to the defense" barred Aldrich from objecting to the Clerk's error.

Moreover, even if Aldrich could demonstrate cause, he would also need to show actual prejudice. Ortiz v. Dubois, 19 F.3d 708, 714 (1st Cir. 1994). To prove actual prejudice, the "petitioner must demonstrate 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Id. (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). "The federal habeas court must ask whether, if the allegedly incompetent act had not been committed, 'it is reasonably likely the result would have been different.'" Pacheco v. Roden, No. 09-10304-DPW, 2011 WL 6140996, at *5 (D. Mass. Dec. 8, 2011) (quoting Harrington, 562 U.S. at 111). Nothing in the record suggests that Aldrich's failure to object to the Clerk's error infected the validity of his trial or the jury's verdict.

Finally, Aldrich cannot show that review of the Petition is necessary to avoid a miscarriage of justice. A miscarriage of justice rarely occurs and requires the petitioner to "show a probability that a reasonable jury would not have convicted but for the constitutional violation." Burks v. Dubois, 55 F.3d 712, 718 (1st Cir. 1995). Aldrich was charged with unarmed burglary, S.A. at 1, and both the Superior Court and the Appeals Court have concluded that there was more than sufficient evidence to support the jury verdict as to this charge. S.A. at 228-34; see Aldrich (No. 2), 2015 WL 5023263, at *1-3. The verdict form that the jury reviewed and signed, S.A. 1, 163, 231, and the trial judge's sentence and recollection, S.A. at 230, demonstrate that Aldrich was convicted of unarmed burglary, not armed burglary. Moreover, the Clerk immediately clarified with the jury foreman that the verdict was "[g]uilty as charged," S.A. at 144, and the transcript reflecting the Clerk's mistake was properly corrected, S.A. at 234, and the legality of the correction was affirmed by the Appeals Court. S.A. at 213; Aldrich, 2015 WL 2144030, at *2. Therefore, the Court does not find that this exception applies.

9

### B. Aldrich's Petition Also Fails on the Merits Under § 2254(d)(1)

To trigger habeas relief under 28 U.S.C. § 2254(d)(1), the petitioner must show the state court decision was "contrary to" or "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Federal law, for the purposes of an AEDPA analysis, is defined as Supreme Court holdings and excludes dicta. White, 134 S. Ct. at 1702. "An unreasonable application of federal law" is not the same as "an incorrect application of federal law." Scott v. Gelb, 810 F.3d 94, 101 (1st Cir. 2016). Habeas relief is not warranted if "'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Not even clear error will establish an objectively unreasonable conclusion. White, 134 S. Ct. at 1702.

Aldrich has not cited to any applicable federal law to support the Petition. The Supreme Court decisions that Aldrich does mention do not support his claims for relief. D. 63 at 17, 22-23, 25, 28-30, 32-33, 35. For example, Aldrich cites Ex parte Lange, 85 U.S. 163, 176 (1873), in which the Court held that two punishments for the same crime constitutes double jeopardy, and Jackson v. Virginia, 443 U.S. 307, 324 (1979), in which the Court held that habeas relief may be granted if the applicant can show that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." D. 63 at 22-23. Aldrich also cites United States v. Cotton, 535 U.S. 625, 631 (2002), in which the Court held that a defect in the indictment does not deprive a court of jurisdiction. D. 63 at 17. None of the aforementioned cases provides a Supreme Court holding that can be applied to Aldrich's core claim: that the Clerk's discrepancy and the trial judge's decision to correct the record violated his Fifth Amendment and Fourteenth Amendment rights. D. 63 at 17-25. The Court cannot conclude that the state court decision was "contrary to" or "an

unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1), if there was no federal law at issue. See, e.g., Carey v. Musladin, 549 U.S. 70, 77 (2006) (holding that there can be no violation of § 2254(d)(1) if there was no Supreme Court holding addressing the alleged prejudicial action).

Moreover, to the extent that Aldrich is asserting that the decision to correct the record amounted to an evidentiary error that violated his due process rights, that argument also fails. D. 63 at 15. A court's evidentiary decision, in this instance the trial judge's decision to correct the record, "must so infuse the trial with inflammatory prejudice that it renders a fair trial impossible." Silva v. Roden, 52 F. Supp. 3d 209, 221 (D. Mass. 2014) (quoting Petrillo v. O'Neill, 428 F.3d 41, 44 n.2 (1st Cir. 2005)). To trigger habeas relief, "the state court's application of state law must be 'so arbitrary or capricious as to constitute an independent due process . . . violation.'" Coningford v. Rhode Island, 640 F.3d 478, 484 (1st Cir. 2011) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). The trial judge cited to ample evidence supporting his decision to correct the record and that evidence was deemed sufficient by the Appeals Court. See Aldrich, 2015 WL 2144030, at *1-2 (explaining that the record was properly corrected because the indictment, verdict slip, docket entry, judge's memory and the conduct at trial all showed Aldrich was tried and convicted on the charge of unarmed burglary). The decision was far from arbitrary and does not constitute an independent violation of federal law.

## V. Conclusion and Certificate of Appealability

For the foregoing reasons, the Court DENIES the Petition for a writ of habeas corpus, D. 1.

Aldrich may receive a certificate of appealability only if he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability is appropriate when "reasonable jurists would find the district court's assessment of

the constitutional claim debatable or wrong." Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (internal quotations omitted). Based upon the analysis of the record and the applicable law in this Memorandum and Order, the Court does not, at this juncture, conclude that reasonable jurists would find its conclusion, denying the Petition both on procedural and substantive grounds, debatable or wrong. The Court, therefore, is not inclined to issue a certificate of appealability, but will give Aldrich until February 13, 2018 to file a memorandum, not to exceed five (5) pages, if he seeks to address the issue of whether a certificate of appealability is warranted as to the Petition.

    **So Ordered.**

                                                       /s/ Denise J. Casper
                                                       United States District Judge